FILED
Clerk
District Court

SEP 25 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  ANNA Y. PARK, CA SBN 164242
2  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   LOS ANGELES DISTRICT OFFICE
3  255 East Temple Street, Fourth Floor
   Los Angeles, CA 90012
4  Telephone: (213) 894-1032
   Facsimile: (213) 894-1301
5  E-Mail: lado.legal@eeoc.gov

6
   Attorneys for Plaintiff
7  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
8

9
               IN THE UNITED STATES DISTRICT COURT
10
            FOR THE NORTHERN MARIANA ISLANDS
11

12 U.S. EQUAL EMPLOYMENT          )   Civil Action No.: CV 07 - 0030
13 OPPORTUNITY COMMISSION,        )
                                  )   **COMPLAINT AND JURY TRIAL**
14         Plaintiff,             )   **DEMAND**
                                  )
15                                )
16     vs.                        )
                                  )
17 ROME RESEARCH CORPORATION;     )
18 and DOES 1-10, Inclusive,      )
                                  )
19         Defendant(s).          )
20 _____

21                    **NATURE OF THE ACTION**
22     This is an action under Title VII of the Civil Rights Act of 1964 and Title I
23 of the Civil Rights Act of 1991 to correct unlawful employment practices on the
24 basis of sex and retaliation, and to provide appropriate relief to the Charging Party
25 (the "Claimant"), who was adversely affected by such practices. As alleged with
26 greater particularity in paragraphs 7 through 10 below, the Commission alleges
27 that Defendant subjected the Claimant to a sexually hostile work environment
28 through her immediate supervisor, quid pro quo harassment through that

1  supervisor, and retaliation in response to her resisting the egregious sexual
2  harassment to which the supervisor subjected her.

## JURISDICTION AND VENUE

3
4  1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,
5  1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to
6  Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,
7  42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil
8  Rights Act of 1991, 42 U.S.C. § 1981a.
9  2.   The employment practices alleged to be unlawful were committed
10 within the jurisdiction of the United States District Court for the Northern Mariana
11 Islands.

## PARTIES

12
13 3.   Plaintiff, the Equal Employment Opportunity Commission (the
14 "Commission"), is the agency of the United States of America charged with the
15 administration, interpretation and enforcement of Title VII, and is expressly
16 authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C.
17 § 2000e-5(f)(1) and (3).
18 4.   At all relevant times, Defendant Rome Research Corporation
19 ("Employer"), a New York domestic business corporation, has continuously been
20 doing business in the Northern Mariana Islands and has continuously had at least
21 15 employees.
22 5.   At all relevant times, Defendant Employer has continuously been an
23 employer engaged in an industry affecting commerce within the meaning of
24 Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

25
26 6.   More than thirty days prior to the institution of this lawsuit, the
27 Claimant filed a charge with the Commission alleging violations of Title VII by
28 //

Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September of 2004, Defendant Employer has engaged in unlawful employment practices at its Tinian facility in violation of Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3). The Commission alleges that Defendant Employer subjected the Claimant—an Electrical Equipment Operator at a broadcast transmitting station on Tinian—to a sexually hostile work environment at the hands of her immediate supervisor, including repeated sexual comments, public displays of pornographic videos, inappropriate sexual touching of the Claimant, and multiple rapes. Many of these acts occurred in front of co-workers. The supervisor subjected the Claimant to quid pro quo harassment when he threatened her with suspension and termination should she resist his sexual assaults. The supervisor also retaliated, which included falsifying policy violations and issuing unwarranted disciplinary actions against the Claimant when she attempted to oppose the harassment and inform Defendant Employer that she was pregnant.

8. The effect of the practices complained of in paragraph 7 above has been to deprive the Claimant of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and retaliation.

9. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

10. The unlawful employment practices complained of in paragraphs 7, 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of the Claimant.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with

1  it, from engaging in sexual harassment, from discriminating against any individual
2  because he/she has opposed any unlawful employment practice or participated in
3  the investigation of or proceeding regarding any unlawful employment practice,
4  and from engaging in any other employment practice which discriminates on the
5  basis of sex or retaliation.
6      B.   Order Defendant Employer to institute and carry out policies,
7  practices and programs which provide equal employment opportunities for women,
8  and which eradicate the effects of its past and present unlawful employment
9  practices.
10     C.   Order Defendant Employer to make whole the Claimant by providing
11 appropriate backpay with prejudgment interest, in amounts to be determined at
12 trial, and other affirmative relief necessary to eradicate the effects of its unlawful
13 employment practices.
14     D.   Order Defendant Employer to make whole the Claimant by providing
15 compensation for past and future pecuniary losses resulting from the unlawful
16 employment practices described in paragraphs 7, 8, 9, and 10 above, including
17 relocation expenses, job search expenses, and medical and counseling expenses not
18 covered by Defendant Employer's employee benefit plan, in amounts to be
19 determined at trial.
20     E.   Order Defendant Employer to make whole the Claimant by providing
21 compensation for past and future nonpecuniary losses resulting from the unlawful
22 practices complained of in paragraphs 7, 8, 9, and 10 above, including emotional
23 pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in
24 amounts to be determined at trial.
25     F.   Order Defendant Employer to pay the Claimant punitive damages for
26 its malicious and reckless conduct described in paragraphs 7, 8, 9, and 10 above, in
27 amounts to be determined at trial.
28

1  G. Grant such further relief as the Court deems necessary and proper in
2  the public interest.
3  H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Dated: September 24, 2007

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Anna Y. Park
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Los Angeles District Office
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083